UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KAREN C. MADISON | * | CIVIL ACTION |
| and SAMUEL SCOTT | * | |
| Plaintiffs | * | |
| VERSUS | * | NO. |
| DEP. MILLS, DEP. SCHMILDEN | * | DIVISION: |
| DEP. GAUDET, DEP. PREVEAU | * | |
| UNKNOWN DEPUTIES | * | |
| SHERIFF JAMES POLHMANN | * | |
| ST. BERNARD PARISH SHERIFF'S | * | |
| OFFICE, and THE LOUISIANA | * | JURY TRIAL DEMANDED |
| SHERIFF'S ASSOCIATION RISK | * | |
| MANAGEMENT FUND | * | |
| Defendants | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

## **COMPLAINT FOR DAMAGES**

### JURISDICTION

1.

This action is brought pursuant to U.S.C. Sec. 1981, 1983, 1985, 1986, 1988 and the First, Fourth, Sixth, Eighth and Fourteenth Amendments. Jurisdiction is conferred on this Court by 28 U.S.C. Sec. 1332 (1) (2) (3) or (4), in which latter case the matter in controversy exceeds the value of $75,000.00, exclusive of interest and costs.

### PENDENT CLAIM

2.

Plaintiffs further invoke the pendent jurisdiction of this Court over the several Laws and Constitution of the State of Louisiana. Plaintiff hereby alleges a cause of action to recover damages

for the intentional and/or negligent acts or omissions of defendants which resulted in the infliction of physical and mental damage to plaintiffs, for which damages the named defendants are legally responsible pursuant to the provisions of the Louisiana Revised Civil Code, Articles 2315, 2316, 2317 and 2324, along with the Revised Criminal Code, Articles, 14:39 and 14:134.

## PARTIES-PLAINTIFF

3.

Plaintiffs, Samuel Scott and Karen C. Madison at all times material hereto, a citizen of the United States and resident of the State of Louisiana, residing within St. Bernard Parish.

## PARTIES-DEFENDANTS

4.

1) DEP. C. MILLS a party of the full age of majority and a resident of the Parish of St. Bernard, State of Louisiana, who at all times material hereto was employed by the St. Bernard Sheriff's Office as a commissioned deputy.

2) DEP. B. GAUDET a party of the full age of majority and a resident of the Parish of St. Bernard, State of Louisiana, who at all times material hereto was employed by the St. Bernard Parish Sheriff's Office as a commissioned deputy

3) DEP. M. SCHMILDEN a party a party of the full age of majority and a resident of the Parish of St. Bernard, State of Louisiana, who at all times material hereto was employed by the St. Bernard Parish Sheriff's Office as a commissioned deputy

4) DEP. J. PREVEAU a party of the full age of majority and a resident of the Parish of St. Bernard, State of Louisiana, who at all times material hereto was employed by the St. Bernard Parish Sheriff's Office as a commissioned deputy.

5) UNKNOWN DEPUTIES persons of the full age of majority and a resident of the Parish of St. Bernard, State of Louisiana, who at all times material hereto was employed by the St. Bernard Parish Sheriff's Office as a commissioned deputy.

6) SHERIFF JAMES POLHMANN a party of the full age of majority and a resident of the Parish of St. Bernard, State of Louisiana, who at all times material hereto was duly elected Sheriff for the Parish of St. Bernard. In that capacity, as Sheriff, was responsible for establishing general practices, procedures and policies with respect to the operation of that office. Pursuant to that authority, he failed and/or refused to promulgate appropriate rules, regulations and training for the conduct of his deputies with regards to the performance of their duties relative to the arrest of individuals and their conduct in dealing with the general public; and

7) THE ST. BERNARD SHERIFF'S OFFICE, a political body organized and existing under the Laws of the State of Louisiana.

8) THE LOUISIANA SHERIFF'S ASSOCIATION RISK MANAGEMENT FUND, an entity formed for the purpose of providing liability insurance to the Sheriffs' offices of the State of Louisiana, of which through information and belief, the St. Bernard Sheriff's office is a member.

## CLAIM FOR RELIEF

5.

On or about November 28, 2021, at 7:00 P.M. plaintiffs Karen Madison and her husband, Samuel Scott was travelling westbound on West Judge Perez Drive turning onto Dr. Meraux Drive headed to the hospital because Plaintiff Karen Madison was pregnant and experiencing extreme pain. While turning onto Dr. Meraux drive, the plaintiff observed police lights behind his vehicle and immediately complied with the police signal and pulled over. Plaintiff was approached by Deputy Mills who requested plaintiff's vehicle information and license and ticketed him for no

insurance and a suspended driver's license. Plaintiff apologized and stated that he was trying to get his wife to the hospital because she was pregnant and in pain.

6.

Defendant Mills ignored plaintiffs' concern and arbitrarily and without cause demanded identification from the vehicle's passenger plaintiff Karen Madison. Upon conducting a name check on Plaintiff Madison one misdemeanor attachment for criminal damage out of Orleans Parish. When plaintiff tried to inform Dep. Mills that she was pregnant and in need of medical care, defendant snubbed her request for medical treatment and told her she was going to jail. Defendants Schmidlen, Gaudet and Preveau arrived on the scene Plaintiff Karen Madison informed them of her medical condition and that she was in need of immediate medical attention, however they also ignored her request for medical treatment.

7.

Despite her need for medical attention and her request for the same, plaintiff was transported to the St. Bernard Parish jail by an unknown deputy. When plaintiff requested medical care from the unknown transporting deputy, defendant deputy ignored plaintiff refusing to grant her request and placing her in the rear of the van without securing plaintiff.

8.

While enroute to the St. Bernard Parish jail, defendant unknown deputy refused to secure plaintiff with her seatbelt and intentionally drove erratic by slamming on brakes repeatedly and making sudden turns. As a result, the plaintiff fell out of her seat numerous times striking the side and front of the vehicle causing pain to her right shoulder, hip, knee, and neck.

9.

Once plaintiff arrived at the St. Bernard Parish Jail, she informed the unknown intake deputies that she was pregnant and needed medical care, defendants disregarded plaintiff and refused to grant her request for medical treatment. Plaintiff did not receive any medical treatment for the entirety of her incarceration in the St. Bernard Parish jail.

10.

At the time of this incident, and at all times relevant hereto, defendant's Deputy Mills, Schmidlen, Gaudet, Preveau and unknown jail and transporting deputies were acting in their capacity as agents, servants and/or employees or Sheriff James Pohlmann and the St. Bernard's Sheriff's office and were acting under color of law.

11.

As a direct and approximate result of the above described unlawful and intentional acts of Officers Mills were committed under color of their authority as officers of the St. Bernard Sheriff's office, plaintiffs suffered grievous bodily harm and severe emotional, mental pain, all in violation of their rights granted to them by the Laws and Constitution of the United States and the State of Louisiana, in particular, the first, fourth, fifth, sixth, eighth and fourteenth amendments thereof and 42 U.S.C. Sec. 1981, 1983, 1985. 1986 and 1988 and Louisiana Revised Statute 14:39.1 and 14:134

12.

As a direct result of the physical and mental injuries sustained by plaintiffs, Karen Madison and Samuel Scott, these plaintiffs seek compensatory damages and punitive damages, together with reasonable attorney's fees and interest from the date of judicial demand until paid.

13.

In inflicting serious injuries upon plaintiff, Karen Madison, defendants Deps Mills, Gaudet, Preveau, Schmidlen and unknown deputies, arbitrarily and maliciously, and under color of law, abused the powers entrusted to them as law enforcements officers.

14.

The punishment inflicted was grossly disproportionate to whatever plaintiffs' acts may have been or alleged to have been, constituted cruel and unusual punishment and deprived them of their rights to due process of the law under the Laws and Constitution of the United States, in particular the fourth, eighth and fourteenth amendments. The actions of defendants were unwarranted, cruel, inhumane, unjustified, and excessive.

15.

Had defendant, Sheriff James Pohlmann, acted to adequately train, test and supervise the defendants police officers herein, the plaintiff would have not suffered the injuries sustained as a result of the actions and failure to act by officers upon their person. That upon information and belief, defendant Mills, transporting unknown deputy and unknown jail deputies has on several prior occasions failed to provide adequate protection to law abiding citizens and said actions and inactions were well known to the St. Bernard Sheriff's Department.

16.

Plaintiffs believe and therefore, allege that the same police officers have been guilty of deprivation of rights to other persons under the color of law, by working for the St. Bernard Sheriff's Office and/or other law enforcement agencies and that Sheriff James Pohlmann knew or should have known that a pattern of such deprivation of rights had occurred and should have

taken steps to discipline and /or discharge the defendants, Dep. Mills, transporting deputy and jail deputies well before the incident hereinabove described.

17.

As a result of failing to properly train, supervise, discipline and/or discharge the officers involved in this incident for prior deprivation of rights, the defendants, Sheriff James Polhmann and St. Bernard Sheriffs Office, are jointly, severally and in solido, liable for the damages suffered by plaintiff.

18.

Plaintiffs, Karen Madison and Samuel Scott, reaver, all and singularly, each of the foregoing paragraphs No. 1-17 inclusive, in the same extent as if and as though copied herein

19.

The plaintiffs request that the action complained of herein be tried by a jury.

20.

Plaintiffs further state that this matter is being filed at this time to interrupt prescription and may have to amend this complaint should more information become available.

WHEREFORE, plaintiffs, KAREN MADISON AND SAMUEL SCOTT, demand the following relief, jointly, severally and in solido, against all defendants:

   a) Compensatory damages and punitive damages that this Court may deem appropriate;

   b) Such other and further relief that this Court may deem appropriate, including all costs and attorney's fees and interest from date of judicial demand; and;

   c) That the action complained of herein be tried by a jury.

Respectfully Submitted,

**Law Firm of Keith A. Sanchez, Sr., LLC**

BY: *Keith A. Sanchez*

**Keith A. Sanchez, Sr. (LSBA 31537)**
3925 North I-10 Service Rd, Suite 212
Metairie, LA 70002
Telephone: (504) 309-8805
Facsimile: (866) 511-5480
*Attorney for Plaintiff*

<u>**PLEASE SERVE:**</u>

<u>Dep C. Mills</u>
St. Bernard Sheriff's Office
Chalmette La 70043

<u>Dep. Schmidlen</u>
St. Bernard Sheriff's Office
Chalmette La 70043

<u>Dep. Gaudet</u>
St. Bernard Sheriff's Office
Chalmette La 70043

<u>Dep. Preveau</u>
St. Bernard Sheriff's Office
Chalmette La 70043